*Ex parte* INSLEY.

*(Circuit Court, D. Maryland.)*

CONSTITUTIONAL LAW—LAWS REGULATING VESSELS—MARYLAND LAW REGULATING OYSTER TRADE.

The Maryland act of 1884, c. 518, prohibits any person from using a vessel for buying, carrying, or selling oysters over the navigable waters of Chesapeake bay unless he first obtain a license from the state therefor, conditioned upon a previous 12-months residence in the state, and the payment of a tonnage tax. *Held* unconstitutional, in so far as it interferes with the right to carry on such business in licensed and enrolled vessels of the United States, and because it requires a payment of tonnage tax without the consent of congress.

On Petition for Writ of *Habeas Corpus.*

The state of Maryland, by its act of 1884, c. 518, prohibited any person from using a vessel for carrying, buying, or selling oysters over the navigable waters of the Chesapeake bay without first having obtained a license so to do, and further prohibited any person from obtaining such license unless he had been a resident and citizen of the state for 12 consecutive months preceding his application for such license, and also until he paid into the state treasury the sum of three dollars per ton for every ton such vessel might measure. Under the provisions of this law the petitioner, George H. Insley, was arrested on the navigable waters of the Chesapeake bay, within the state of Maryland, by the officers of the state fishery police force, on the charge of carrying, buying, and selling oysters on the navigable waters of the Chesapeake bay without first having obtained a license so to do, as required by said statute; and was commit-

ted to the jail of Anne Arundel county. Insley, therefore, filed his petition for a *habeas corpus* in the circuit court of the United States for the district of Maryland, which petition set out the above-recited facts, and that his vessel was a licensed and enrolled vessel of the United States, and alleged that he was deprived of his liberty, contrary to the laws and constitution of the United States, and prayed that he be discharged from the custody of the sheriff of Anne Arundel county, by whom he was detained, and to whom he prayed that the writ of *habeas corpus* issue, directing said sheriff to produce said petitioner before said court. The circuit court ordered the writ to issue, and directed the clerk of the court to send a copy of the order by mail to the Hon. Charles B. Roberts, attorney general of Maryland, notifying him of the petition, and of the time and place of the hearing of the return to the writ. On the return of the writ the sheriff produced the body of the prisoner, and, by direction of the attorney general of Maryland, set out in his return the warrant of arrest and commitment of the justice of the peace, by virtue of which he claimed to hold the petitioner. To this return the petitioner demurred, and the case was heard on the petition, return, and demurrer.

*Atty. Gen. Roberts*, in behalf of the state of Maryland, and for the sheriff of Anne Arundel county, argued—

That Insley was a citizen of Maryland, subject to her laws, and was held in custody by her officers for violation of them, and that therefore all questions arising under them must be determined by Maryland judges in Maryland courts.

*Bradley T. Johnson* and *Bradley S. Johnson*, for the petitioner, argued—

That the act of assembly of Maryland was contrary to the constitution of the United States and void, and that the petitioner, being deprived of his liberty contrary to the constitution of the United States, under color of this law, was entitled to the protection of the federal courts in his federal rights. *Ex parte McCardle*, 6 Wall. 326; *Ex parte Griffin*, Chase, 395; *Ex parte Turner*, Id. 158; *Ex parte McCready*, 1 Hughes, (U. S.) 600; *Ex parte Thornton*, 4 Hughes, (U. S.) 220; *In re Watson*, 15 Fed. Rep. 511, note and authorities 514; *Ex parte Tatem*, 1 Hughes, (U. S.) 590; *Ex parte Engle*, Id. 592; *Ex parte McKean*, 3 Hughes, (U. S.) 25; *Ex parte Rowland*, 104 U. S. 604; *Ex parte Yarbrough*, 110 U. S. 651, 4 Sup. Ct. Rep. 152; *U. S.* v. *Spink*, 19 Fed. Rep. 631; *In re Brosnahan*, 18 Fed. Rep. 62; *In re Davis*, 21 Fed. Rep. 396; *License Laundry Cases*, 22 Fed. Rep. 701, DEADY, J.; *Ex parte Virginia*, 100 U. S. 339; *Virginia* v. *Rives*, Id. 313; *Ex parte Siebold*, Id. 371; *Ex parte Clarke*, Id. 399; *Ex parte Reed*, Id. 13; *Ex parte Crouch*, 112 U. S. 178, 5 Sup. Ct. Rep. 96; *Chew Heong* v. *U. S.*, 112 U. S. 536, 5 Sup. Ct. Rep. 255.

The Maryland law is void because it deprives the citizens of other states of equal rights with residents of Maryland in the business of carrying, buying, and selling oysters over and on the navigable waters of the United States, (*Ward* v. *Maryland*, 12 Wall. 430; *Woodruff* v. *Parham*, 8 Wall. 123; *Welton* v. *Missouri*, 91 U. S. 282; *Webber* v. *Virginia*, 103 U. S. 344a; *In re Watson*, 15 Fed. Rep. 511;) because it deprives the petitioner of his federal right to use the navigable waters of the United States, (*Slaughter-House Cases*, 16 Wall. 79; *The Daniel Ball*, 10 Wall. 563; *Miller* v. *Mayor of New York*, 109 U. S. 385, 3 Sup. Ct. Rep. 228; *Corfield* v. *Coryell*, 4 Wash. C. C. 379; *Gilman* v. *Philadelphia*, 3 Wall. 713; Pom. Const. Law, 2d. Ed. 1880, 532; *Crandall* v. *Nevada*, 6 Wall. 35.) The act is void, for it is a regulation of commerce which, by article 1, § 8, Const. U. S., is committed exclusively to

congress. *Gibbons* v. *Ogden,* 9 Wheat. 1; *Railroad Co.* v. *Husen,* 95 U. S. 465; *Telegraph Co.* v. *Telegraph Co.,* 96 U. S. 1; *Sherlock* v. *Alling,* 93 U. S. 99; *Sinnot* v. *Davenport,* 22 How. 241; *Tax Cases,* 12 Wall. 225; *Hall* v. *De Cuir,* 95 U. S. 487. The act is void because it is a tax on tonnage, this vessel having been a licensed and enrolled vessel of the United States. Rev. St. § 4220; *Steam-Ship* v. *Tinker,* 94 U. S. 243; *Tax Cases,* 12 Wall. 213; Cooley, Tax'n, 61, and cases.

BOND, J. It appears to the court that George H. Insley is the master of the Thomas Ellis, a vessel of the United States, enrolled and licensed under the laws of the United States, for the coasting trade, and that he is held in custody by the sheriff of Anne Arundel county by virtue of a commitment by a justice of the peace of Maryland, in and for that county, for carrying oysters in his vessel over the navigable waters of the United States in the Chesapeake bay, within the territorial limits of the state of Maryland, without having first obtained a license from the state to carry oysters, as required by the act of the general assembly of Maryland, passed at its session of January, 1884, c. 518. And it further appears that said act of assembly requires the petitioner, before he can carry oysters in his vessel, enrolled and licensed by the United States as aforesaid, to procure a license from the state of Maryland so to do, and to pay the sum of three dollars per ton on the measurement of his vessel for his license.

It is therefore adjudged, that the act of the general assembly of Maryland is contrary to the constitution of the United States, and is therefore void, in so far as it interferes with the right of the petitioner to carry oysters in a licensed and enrolled vessel of the United States, and because it requires the petitioner to pay a tonnage tax on his vessel, without the consent of congress. It is therefore adjudged and decreed, by the circuit court of the United States for the district of Maryland, that the petitioner is deprived of his liberty, and is in custody of the sheriff of Anne Arundel county, in violation of the constitution of the United States. The laws of the United States having made it the duty of this court to extend the privilege of the writ of *habeas corpus* to all persons in custody in violation of the laws, constitution, and treaties of the United States, and to discharge such persons from custody, it is, therefore, this twenty-eighth day of April, A. D. 1885, ordered, adjudged, and decreed by the court that the said George H. Insley be, and is hereby, discharged from the custody of the sheriff of Anne Arundel county upon the charge aforesaid.